# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| ARCHER DANIELS MIDLAND CO., ADM EXPORT CO., and ADM INTERNATIONAL SARL,<br>    Plaintiffs<br><br>v.<br><br>RESEARCH FUMIGATION CO., LLC and IMPERIUM INSURANCE COMPANY,<br>Defendants | CIVIL ACTION<br><br>NO.<br><br>SECTION:<br><br>JUDGE:<br><br>MAG. JUDGE: |

## COMPLAINT

**TO THE HONORABLE JUDGES OF THE UNITED STATES DISTRICT COURT FOR THE EASTERN DISTRICT OF LOUISIANA:**

The Complaint of Archer Daniels Midland Co. ("ADM"), a Delaware corporation, ADM Export Co. ("ADM Export"), a Delaware corporation, and ADM International Sarl ("ADMI"), a Swiss corporation, against Research Fumigation Co., LLC ("Research Fumigation"), a limited liability company whose members are citizens and residents of the State of Louisiana, and Imperium Insurance Company ("Imperium"), a Delaware corporation, in a cause of action cognizable under the Court's admiralty and maritime jurisdiction and within the meaning of Fed. R. Civ. P. 9(h), respectfully avers as follows on information and belief:

1.

At all material times, Plaintiffs, ADM and ADM Export, were and are corporations duly authorized and incorporated under the laws of the State of Delaware with their principal places of business located in the State of Illinois. At all material times, Plaintiff, ADMI, was and is a corporation duly authorized and incorporated under the laws of Switzerland, with its principal place of business located in Rolle, Switzerland. ADM Export and ADMI are both subsidiaries of ADM.

{N3436564.3}

2.

At all material times, Defendant, Research Fumigation, was and is a limited liability company organized and existing under the laws of the State of Louisiana with its registered office located in Reserve, Louisiana. Each member of Research Fumigation is a citizen and resident of the State of Louisiana.

3.

At all material times, Imperium was and is an insurance company incorporated in the State of Delaware, with its domicile and principal place of business in the State of Texas, and duly authorized with the Louisiana Insurance Department to transact business in the State of Louisiana.

4.

Imperium issued and delivered primary and excess policies of commercial general liability insurance to Research Fumigation in the State of Louisiana, insuring Research Fumigation at all material times for commercial general liability coverages, including policy numbers IIC GL 01809 02; IIC EX 00143 02; IIC GL 01809 03; and IIC EX 00143 03. Coverage under these policies includes Research Fumigation's contractual obligation to defend, indemnify and hold ADM and the other plaintiffs herein harmless from and against any and all claims, legal expenses, and property damage arising out of Research Fumigation's performance of its work and obligations under the Contractor's Agreement dated September 9, 2011.

5.

Plaintiffs herein are additional insureds under the policies of insurance issued by Imperium to Research Fumigation, and Imperium has further waived subrogation rights as to Plaintiffs. Further, Imperium is subject to suit under the Direct Action Statute, La. R.S. 22:1269, for the tortious conduct of Research Fumigation.

6.

Research Fumigation's domicile and principal place of business is located in Reserve, Louisiana, within the jurisdiction of the Court, and the matters which are the subject of this Complaint occurred within the jurisdiction of the Court. Accordingly, the Court has personal jurisdiction over Research Fumigation and venue over this action is proper in this District pursuant to 28 U.S.C. § 1391.

7.

This is a cause of action for breach of contract and tort, involving a maritime subject and a maritime nexus and is cognizable within the Court's admiralty and maritime jurisdiction, 28 U.S.C. § 1333, and within in the meaning of Fed. R. Civ. P. 9(h). The matters which are the subject of this Complaint involve a maritime contract and maritime commerce and concern maritime activities which occurred on navigable waters of the United States, including fumigation services provided by Research Fumigation aboard an ocean vessel on navigable waters of the United States and the fumigation of cargo loaded aboard an ocean vessel for export from the United States, as hereafter more fully appears.

8.

ADM owns and/or operates export grain facilities located on the Lower Mississippi River within the jurisdiction of this Honorable Court. At all material times, there was in effect a certain Contractor's Agreement dated September 9, 2011 between ADM and Research Fumigation. At the request of ADM, Research Fumigation regularly provided fumigation services to ADM and fumigated export cargoes loaded by ADM aboard ocean vessels at its export facilities.

9.

The Contractor's Agreement provides, <u>inter alia</u>, that: Research Fumigation is an independent contractor and shall be in sole control of the work-site; Research Fumigation is to maintain various insurance coverages for the protection of itself and ADM and its subsidiaries, including comprehensive commercial general liability insurance; ADM and its subsidiaries are to be named as additional insureds on various insurances of Research Fumigation; Research Fumigation must defend, indemnify and hold ADM and its subsidiaries harmless from and against all claims, suits, causes of action, liabilities, damages, judgments or expenses, including but limited to reasonable attorneys' fees and litigation costs, for property damage and other losses and claims arising out of Research Fumigation's performance of its work; and all insurances provided by Research Fumigation are to be primary to any insurance ADM has or may have covering the matters outlined and shall be non-contributory, with any insurance of ADM to be non-contributory.

10.

ADM received certificates of insurance from Research Fumigation's representative evidencing that ADM and subsidiaries were named as additional insureds, with waiver of subrogation on Research Fumigations' policies of insurance, including the insurance coverages of Imperium. Under the Contractor's Agreement dated September 11, 2011 and applicable insurance policies of Imperium, Research Fumigation and Imperium are obligated to defend, indemnify, hold harmless and provide insurance coverage to ADM and its subsidiaries for the claims asserted herein by Plaintiffs.

11.

At all material times, ADM, by and through its wholly owned subsidiary ADM Export, was the seller and shipper of a certain cargo of Golden Distiller's Dry Grains with Solubles

("GDDGS") which was loaded in bulk aboard the M/V LORENTZOS, a 5 hold bulk carrier, in Destrehan, Louisiana for ocean carriage and transport to one or more ports in South Korea. The M/V LORENTZOS was time chartered by ADMI to transport the GDDGS from Destrehan, Louisiana to South Korea. ADMI, as time charterer and disponent owner of the vessel, then re-let the vessel to ADM Export.

12.

Commencing July 7, 2016, the GDDGS was loaded in bulk aboard the M/V LORENTZOS in good order and condition. The GDDGS cargo at issue consisted of 37,488.134 metric tons of GDDGS which was sold to foreign purchasers and shipped by ADM Export. The GDDGS was loaded in holds 1, 2, 3, 4 and 5 of the M/V LORENTZOS while the vessel was afloat on the Mississippi River near Destrehan, Louisiana. After loading was complete, the GDDGS was required to be fumigated, using the sub-surface method of fumigation, in the holds of the M/V LORENTZOS, for in transit fumigation pursuant to U.S. Department of Agriculture guidelines as part of the sale and export transaction.

13.

Pursuant to the Contractor's Agreement dated September 9, 2011, ADM and ADM Export contracted with Research Fumigation, a fumigation company with expertise in the fumigation of cargo loaded aboard bulk carriers, to fumigate the cargo of GDDGS that was loaded and stowed in holds 1, 2, 3, 4 and 5 of the M/V LORENTZOS in accordance with the U.S. Department of Agriculture's Fumigation Handbook using the sub-surface method of fumigation. A pre-fumigation conference was held aboard the vessel and Research Fumigation's representatives advised and confirmed that the vessel was suitable for sub-surface fumigation and that fumigation was to be applied sub-surface in holds 1, 2, 3, 4 and 5, i.e., the fumigant was required to be spread in a shallow trench and then covered with cargo. The Chief Officer of the

vessel was further advised by Research Fumigation to keep the cargo holds of the vessel sealed for 37 days, the expected duration of the voyage from Destrehan, Louisiana to South Korea.

14.

The Contractor's Agreement dated September 9, 2011 was in effect between ADM and Research Fumigation and applied to the fumigation of the M/V LORENTZOS. Research Fumigation was obligated to perform its contract in a workmanlike manner and exercise good and proper fumigation practices. Research Fumigation issued Invoice 17775 dated July 14, 2016 for the fumigation services at issue and ADM remitted payment to Research Fumigation. Research Fumigation also issued fumigation certificates and other documents to ADM, ADM Export and the vessel certifying the method of fumigation as being sub-surface and providing other details regarding the fumigation of the cargo.

15.

After Research Fumigation completed fumigation aboard the M/V LORENTZOS, the vessel's cargo holds were closed and the vessel issued clean, on board bills of lading for the GDDGS dated July 9, 2016 at Destrehan, Louisiana.

16.

On or about July 9, 2016, the M/V LORENTZOS departed Destrehan, Louisiana and set sail for South Korea via the Panama Canal. During the voyage, the Chief Officer observed a cloud of steam upon opening a hatch cover gas measurement port, but no smell of smoke was detected.

17.

On July 25, 2016, an alarm was sounded. ADMI was subsequently notified by the vessel of possible smoldering and/or fire in the no. 1 cargo hold. Plaintiffs placed Research Fumigation on notice for this matter and Plaintiffs invited Research Fumigation to participate in a survey

aboard the vessel. The vessel arrived at the Port of Inchon, South Korea on or about August 17, 2016. A marine surveyor was sent to the vessel by Research Fumigation.

18.

On or about August 18, 2016, the hatches were opened and large quantities of smoke escaped, and the vessel's crew and attending surveyors located and observed flaming cargo. During subsequent operations, the fire was extinguished and the damaged cargo was excavated and discharged from the vessel. Surveyors further observed fumigation residue and fire damage caused by improper application of fumigant by Research Fumigation, including failure to properly disburse and correctly apply the fumigant in the cargo holds of the vessel sub-surface.

19.

As a result of Research Fumigation's breach of contract and/or negligence in failing to properly fumigate the cargo, ADM, ADM Export, and ADMI have sustained, and continue to sustain losses, damages and expenses related to this shipment which are due to the sole fault of and breach of contract by Research Fumigation and its representatives.

20.

Research Fumigation and Imperium are justly indebted to ADM, ADM Export and ADMI for all damages and expenses incurred by ADM, ADM Export and ADMI as a result of this incident, including recovery for attorneys' fees paid or incurred by ADM, ADM Export and ADMI.

21.

The damages and expenses incurred by or on behalf of Plaintiffs continue to accrue, and, exclusive of attorneys' fees, are presently estimated to be approximately $497,300.00, and include: losses and damages claimed by cargo owners/receivers, presently estimated to be $255,000.00; losses claimed by vessel owner from ADM, ADM Export and ADMI currently

estimated to be in the amount of $165,000.00, exclusive of the claim by cargo against the vessel owner and other costs and expenses related to surveys and other expenses; additional costs, expenses and damages related to surveys and inspections of the cargo and other expenses at the discharge port currently estimated to be $77,300.00; and losses and contingent liabilities associated with the giving of security and/or letters of undertaking and possible future legal proceedings. ADM, ADM Export and ADMI are further entitled to prejudgment interest, any penalties and/or other damages pursuant to La. R.S. 22:1892 and 22:1973, attorneys' fees and all costs associated with these proceedings.

22.

Research Fumigation, having assumed in the Contractor's Agreement the obligation to provide insurance for the benefit of Plaintiffs, if it has not or did not obtain such insurance, is then liable to Plaintiffs as would an insurer or underwriter, and must respond accordingly to the claims of Plaintiffs and provide Plaintiffs with a complete defense and indemnity, including attorneys' fees, for the matters and claim which are the subject of this Complaint.

23.

All damages and expenses incurred by ADM, ADM Export and ADMI were not caused by any act or omission of ADM, ADM Export and ADMI, or those for whom they may be responsible, but were instead caused by the breach of contract and/or negligence of Research Fumigation and/or its representatives.

24.

Amicable demand has been made upon Research Fumigation and Imperium to no avail.

WHEREFORE, Plaintiffs, Archer Daniels Midland Co., ADM Export Co. and ADM International Sarl, pray that the foregoing Complaint may be deemed good and sufficient and that:

1. Process and due form of law be issued against Research Fumigation Co., LLC and Imperium Insurance Company, summoning said parties to appear and answer the allegations aforesaid;

2. After due proceedings have been had, that there be judgment entered in favor of Plaintiffs, Archer Daniels Midland Co., ADM Export Co. and ADM International Sarl, and against Defendants, Research Fumigation Co., LLC and Imperium Insurance Company, for the full amount of Plaintiffs' damages and related expenses and claims, to be shown more fully at trial, presently estimated to be $497,300.00, together with attorneys' fees, penalties, costs and interest;

3. Plaintiffs be entitled to all other relief which the justice of the cause may require.

This 6th day of July, 2017.

Respectfully submitted,

*/s/ Richard D. Bertram*
Richard D. Bertram, T.A. (#17881)
William P. Wynne (#28817)
Hansford P. Wogan (#34825)
Jones Walker LLP
201 St. Charles Avenue - 48th Floor
New Orleans, Louisiana 70170-5100
Telephone:   (504) 582-8334
Facsimile:   (504)589-8334
rbertram@joneswalker.com
bwynne@joneswalker.com
Fwogan@joneswalker.com
Attorneys for Archer Daniels Midland Co.,
ADM Export Co. and ADM International Sarl, Plaintiffs

**PLEASE ISSUE SUMMONSES AND COMPLAINT TO:**

**RESEARCH FUMIGATION CO., LLC**
**through its Registered Agent for Service of Process:**
**MR. JACK A. COLEMAN, JR.**
**450 ROSENWALD STREET**
**RESERVE, LA 70084**

**IMPERIUM INSURANCE COMPANY**
**through the Louisiana Secretary of State**
**The Hon. Tom Schedler, Legal Services Division**
**P.O. Box 94125**
**Baton Rouge, LA 70804-9125**