# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARCHER DANIELS MIDLAND CO., ET AL** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 17-6511** |
| **RESEARCH FUMIGATION CO., LLC, ET AL.** | * | **SECTION L (3)** |

## ORDER & REASONS

Before the Court is Plaintiffs Archer Daniels Midland Co. ("ADM"), ADM Export Co. ("ADM Export"), and ADM International Sarl ("ADMI") (hereafter collectively "Plaintiffs"), Motion to Strike Jury Trial Demand of Defendants Research Fumigation Co., LLC, and Imperium Insurance Company (hereafter collectively "Defendants"), R. Doc. 9. Defendants have not opposed the motion. For the following reasons, Plaintiffs' Motion is **GRANTED**.

## I.    BACKGROUND AND PRESENT MOTION

Plaintiffs bring this action for breach of contract and tort to recover damages in relation to a fire which occurred in the cargo hold of the M/V LORENTZOS, a bulk cargo carrier Plaintiff ADM had chartered at the time of the accident.

Plaintiffs, ADM and ADM Export, are Delaware corporations with their principal places of business in Illinois. Plaintiff ADMI, is a Swiss corporation, with its principal place of business in Switzerland. ADM Export and ADMI are both subsidiaries of ADM. Defendant Research Fumigation is an LLC organized under Louisiana law, with a principal place of business in Reserve, Louisiana. Each member of Research Fumigations is a Louisiana citizen. Defendant Imperium is a Delware corporation authorized to conduct business in Louisiana. Imperium was

1

Research Fumigation's commercial general liability insurer during the relevant time period. R. Doc. 1 at 2.

According to Plaintiff, AMD International chartered the M/V LORENTZOS, a bulk cargo carrier, in order to transfer grain from Destrehan, Louisiana to South Korea. R. Doc. 9-1 at 1. At the time of transfer, the M/V LORENTZOS was loaded with bulk grain cargo which was being exported to a foreign purchaser. R. Doc. 9-1 at 2. Before leaving Destrehan, ADM International contracted with Defendant Research Fumigation, who fumigated the cargo for in transit fumigation. R. Doc. 9-1 at 2. While at sea, the vessel had a fire in cargo hold number one, which Plaintiffs aver was caused by "the improper application of fumigant." R. Doc. 9-1 at 2.

Plaintiffs did not make a jury demand in their original Complaint and specifically designated this action as a matter falling within the admiralty and maritime jurisdiction of the Court under Rule 9(h). Defendants answered, and asserted that "they are entitled to and do hereby request a trial by jury." R. Doc. 8.

Plaintiffs filed a Motion to Strike Jury Trial Demand, R. Doc. 9. Plaintiffs claim that jurisdiction in the instant matter is squarely within the Court's admiralty and maritime and Plaintiffs have pled the matter as a proceeding under Rule 9(h). Accordingly, Plaintiffs argue that Defendants' demand for jury trial should be stricken.

II. LAW & ANALYSIS

In the present matter, it is undisputed that Plaintiffs have designated their claims against Defendants as claims in admiralty under Federal Rule of Civil Procedure 9(h), thereby invoking their right to a non-jury trial. Federal Rule of Civil Procedure 9(h) provides that,

> If a claim for relief is within the admiralty or maritime jurisdiction and also within the court's subject-matter jurisdiction on some other ground, the pleading may designate the claim as an admiralty or maritime claim for purposes of Rules 14(c), 38(e), and 82 and the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions.

A claim cognizable only in the admiralty or maritime jurisdiction is an admiralty or maritime claim for those purposes, whether or not so designated.

Fed. R. Civ. Proc. 9(h). Because Plaintiffs have designated these claims under admiralty and maritime jurisdiction pursuant Rule 9(h), there is no right to have these claims tried by a jury. Fed. R. Civ. Proc. 38(e); *Rachal v. Ingram Corp.*, 795 F.2d 1210, 1216 (5th Cir. 1986).

As this Court has stated previously,

[W]hen a plaintiff properly designates his claim as one that is in admiralty and thereby invokes the court's admiralty jurisdiction pursuant to Rule 9(h), the court is to adjudicate the claim without a jury. *See, e.g., Harrison v. Flota Mercante Grancolombiana, S.A.*, 577 F.2d 968, 986–87 (5th Cir. 1978). As the Fifth Circuit has explained, there is "no right to a jury trial when the complaint contains a statement identifying the claim as an admiralty or maritime claim, even though [another basis for] jurisdiction exists as well." *T.N.T. Marine Serv., Inc. v. Weaver Shipyards & Dry Docks, Inc.*, 702 F.2d 585, 587 (5th Cir. 1983); *accord Durden v. Exxon Corp.*, 803 F.2d 845, 849 n. 10 (5th Cir. 1986); *Rachal*, 795 F.2d at 1216; *Harrison*, 577 F.2d at 986–87; *Romero*, 515 F.2d at 1252.

*Raffray v. Gulf Logistics, L.L.C.*, 2010 WL 5055849 (E.D. La. Dec. 2, 2010). Further, the fact that an alternate basis for subject-matter jurisdiction may exist is inconsequential. *See id*. Defendants have not provided any explanation for why admiralty jurisdiction is improper. Thus, Defendants' request for a trial by jury was improper, and the Court will grant Plaintiffs' Motion to Strike.

### III. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Strike Jury Trial Demand of Third-Party Defendant, R. Doc. 9, is **GRANTED**.

New Orleans, Louisiana, this 10th day of August, 2017.

UNITED STATES DISTRICT JUDGE