UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| **ARCHER DANIELS MIDLAND COMPANY ET AL** | * | **CIVIL ACTION** |
| **VERSUS** | * | **NO. 17-6511** |
| **RESEARCH FUMIGATION CO., LLC ET AL.** | * | **SECTION L (3)** |

## ORDER & REASONS

Before the Court is Plaintiffs' Motion to Strike Witness(es) of Imperium Insurance Co., R. Doc. 29. Defendant Imperium responds in opposition. R. Doc. 38. Having considered the parties' arguments and the applicable law, the Court issues this Order & Reasons.

### I. BACKGROUND

This case arises from fire damage to Plaintiffs' cargo and vessel allegedly caused by Defendant's improper application of fumigant. R. Doc. 1. Plaintiff Archer-Daniels-Midland Company ("ADM") owns and operates export grain facilities on the Mississippi River. R. Doc. 1 at 3. Plaintiff ADM has contracted with Defendant Research Fumigation Co. ("RFC") to provide regular fumigation services. R. Doc. 1 at 3. Pursuant to this contract, Defendant fumigated grain cargo that had been loaded onto the M/V LORENTZOS. R. Doc. 1 at 6. The M/V LORENTZOS left Destrahan, Louisiana on July 9, 2016 to deliver the cargo to South Korea. R. Doc. 1 at 6. On July 25, 2016, an alarm sounded on the ship and the crew discovered possible smoldering and/or fire in one of the cargo holds. R. Doc. 1 at 6. On August 17, 2016 the M/V LORENTZOS arrived in South Korea. R. Doc. 1 at 7. On August 18, 2016 the cargo holds were opened and large amounts of smoke left the holds; the vessel's crew also observed that the cargo was on fire. R. Doc. 1 at 7.

Plaintiffs allege that surveyors observed fumigation residue and fire damage and that it was

1

caused by improper application of the fumigant by Defendant. R. Doc. 1 at 7. Plaintiffs claim that Defendants are liable to Plaintiff for the damages to the cargo and the vessel resulting from the fire. R. Doc. 1 at 7. Plaintiffs allege that Defendant Imperium Insurance Company ("IIC") is liable to Plaintiff for the damages because Plaintiff is listed as an additional insured on Defendant RFC's insurance policy from Defendant IIC. R. Doc. 1 at 4.

Defendants RFC and IIC timely answered the complaint and generally denied the allegations. R. Doc. 8. Defendant RFC argues that it applied the fumigant in accordance with U.S. Department of Agriculture guidelines. R. Doc. 8 at 4. Defendant RFC also posited a number of affirmative defenses, including lack of standing, prescription, and failure to state a claim. R. Doc. 8 at 6. Defendant RFC further alleges that the damage was the result of Plaintiff's negligence, the negligence of another intervening party, or the self-combustible nature of the grain cargo. R. Doc. 8 at 6-8.

With permission of the Court, Defendant IIC filed an amended answer. R. Doc. 16. Defendant IIC generally denies the allegations. R. Doc. 16. IIC also alleges twenty-one affirmative defenses including: failure to state a claim upon which relief can be granted, all defenses of other defendants, failure to mitigate damages, and limitations or exclusions of the insurance policy. R. Doc. 16.

II. **PENDING MOTION**

Plaintiffs ask the Court to strike the witnesses of Defendant Imperium because Imperium has failed to provide these witnesses in its witness list. R. Doc. 29. Plaintiffs allege that Imperium has only listed a generic title for its witness and asks that Imperium be required to name the witness so that Plaintiffs may depose the witness prior to trial. R. Doc. 29 at 3-4.

Imperium argues that Plaintiffs' claim is not ripe because Imperium's defense obligations

are only triggered by a lawsuit against Plaintiffs and Imperium's indemnification obligations are only triggered by liability. R. Doc. 39 at 3. Plaintiff has not yet been sued and has not incurred any liability for damages. Imperium argues that because it is unclear what the suit or indemnity will be it cannot identify a particular witness at this time. R. Doc. 39 at 3.

### III. LAW & ANALYSIS

Generally, by the given deadline, parties must name the witnesses that they may call at the trial. Naming witnesses by a deadline allows each side to properly prepare and discover the case by allowing them to depose potential witnesses. However, this is a unique case. Here, Plaintiffs have filed a lawsuit claiming defense and indemnity but has failed to provide sufficient information regarding the suit to be defended against and the liability to be indemnified. Therefore, Defendant is unable to specify its witness because it does not yet know the nature of the Plaintiffs' claims. Because Plaintiffs have failed to provide this information, Plaintiffs have caused the situation they now wish to remedy with a motion to strike. Therefore, the Court finds it would be unfair to dismiss Imperium's potential witness before it is given sufficient information to determine who that witness may be.

### IV. CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiffs' Motion to Strike, R. Doc. 29, is **DENIED**.

New Orleans, Louisiana, this 16th day of March, 2018.

_____
UNITED STATES DISTRICT JUDGE